# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24133-Civ-SCOLA/TORRES

ANDRES GOMEZ,

    Plaintiff,

v.

1131 KENT, LLC d/b/a
KENT HOTEL,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Andres Gomez's ("Plaintiff") motion to strike 1131 Kent, LLC's d/b/a Ken Hotel ("Defendant") affirmative defenses. [D.E. 12]. Defendant responded to Plaintiff's motion on December 13, 2018 [D.E. 15] to which Plaintiff did not reply and the time to do so has now passed. Therefore, Plaintiff's motion is ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiffs' motion to strike is **DENIED**.

### *I.    APPLICABLE PRINCIPLES AND LAW*

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse,

1

justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of FED R. CIV. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1

(S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

## II. ANALYSIS

Plaintiff argues that three of Defendant's affirmative defenses should be stricken because they are defective for various reasons. First, Plaintiff claims that

3

affirmative defense no. 10 is improper because a request for attorney's fees is, by definition, not an affirmative defense. Second, Plaintiff insists that affirmative defense no. 14 must be stricken because Defendant failed to make a *prima facie* case of its application. Plaintiff alleges, for example, that Defendant made no showing nor asserted a single fact that would find that it applies. That is, Plaintiff believes that the affirmative defense is defective because it consists of "bare-bones, conclusory allegations" without any supporting facts that it be stricken. *Oriole Gardens Condo. Ass'n I v. Aspen Specialty Ins. Co.*, 2012 WL 864629, at *1 (S.D. Fla. Mar. 13, 2012) ("An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations.") (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002); *Meridian of Palm Beach Condominium Ass'n, Inc. v. QBE Ins.,* 2007 WL 1364334 (S.D. Fla. May 7, 2007)). Finally, Plaintiff requests that affirmative defense no. 16 be stricken because whether Defendant acted in good faith or intentionally is immaterial.

Without reaching the merits, Plaintiff's motion is procedurally defective because Plaintiff failed to comply with Local Rule 7.1(a)(3). Under this rule, the movant shall "make reasonable efforts to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). Defendant claims that no conferral ever took place nor did any substantive discussion with defense counsel ever occur. Defendant attaches, as support, an email that Plaintiff sent on December 5, 2018 at 5:04 p.m., asking

whether Defendant agreed to withdraw some of its affirmative defenses. At 5:41 p.m., Plaintiff filed the motion to strike without conferring or waiting on Defendant to respond. Defense counsel claims that he did not see Plaintiff's email until after the motion had been filed and asserts that Plaintiff made no other attempts to confer prior to filing the motion.

In *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, Judge Goodman explained in detail how a movant confers with an opposing party:

> To order to "confer," a movant must have a give-and-take exchange with opposing counsel. Sending an email and demanding an immediate or near-immediate response and then filing a motion before having an actual substantive discussion with opposing counsel does not amount to a conference or consultation. Instead, it is a one-way missive.

744 F. Supp. 2d 1297, 1299 n.2 (S.D. Fla. 2010) (internal citations omitted). The rule requires the movant to certify that one of two possible scenarios occurred: (1) that movant's counsel did, in fact, confer but was unable to resolve the issues, or (2) that movant's counsel made "reasonable efforts" to confer but has been unable to do so. If the movant uses the latter type of certification, then the movant's counsel must identify with specificity the efforts taken in the unsuccessful attempt to confer. If the movant fails to comply with the rule, the court may grant or deny the motion and impose an appropriate sanction. *Id.*

Here, Plaintiff's counsel failed to comply with Local Rule 7.1(a)(3) because there was no good faith effort to resolve the issues presented prior to filing the motion. Plaintiff's counsel merely sent an email after 5 p.m. and provided less than forty minutes for a response. This falls woefully short of the good faith requirement

5

under the Local Rule. *See Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 2008 WL 5427785, at *1 (S.D. Fla. Dec. 30, 2008) ("Simply sending a letter without further follow-up does not constitute the type of effort to engage in a pre-filing conference anticipated by Local Rule 7.1."); *Williams v. Board of Cnty. Comm'rs of the Unified Gov't of Wyandotte Cnty. & Kan. City, Kan.,* 192 F.R.D. 698, 700 (D. Kan. 2000) (noting that under District of Kansas Local Rule 37.2 a "reasonable effort to confer means more than mailing a letter to opposing counsel. It requires that counsel converse, confer, compare views, consult, and deliberate") (internal citation omitted).

Plaintiff should have made reasonable efforts to consult with Defendant on the email request to meet and confer, such as sending another email or calling Defendant. Instead, Plaintiff made no additional attempts to communicate with Defendant and waited a mere forty minutes before filing the motion to strike. Plaintiff's motion is also defective because it contains no certification that counsel conferred with Defendant. Because Plaintiff violated the Local Rules, the motion is procedurally defective and must therefore be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike is **DENIED**. [D.E. 12]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of February, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge